February 26, 2015

The Honorable John Gleeson
United States District Court
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

<u>Via Fax 718-613-2456</u>

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 04 2015 ★

BROOKLYN OFFICE

Re: 15-mc-00242-JG
Vodicka v. USA
98-cr-1069
02-cr-1313

Dear Judge Gleeson:

On February 21, 2015, I wrote to AUSA Evan Norris and Ms. Elizabeth Kramer requesting (a) that the scope of the motion to unseal include the "John Doe" 98-cr-1069 docket, which I have now come to learn, through my research, is a secret docket involving Mr. Klotsman; and (b) the Department of Justice's compliance with 28 C.F.R. 50.9(f). I attach a copy of that letter.

Neither Mr. Norris nor Ms. Kramer have responded to my letter.

I hereby request, and move, for an order enlarging the scope of the pending motion to unseal to include Mr. Klotsman's secret "John Doe" docket, 98-cr-10169 and accountability of compliance with 28 U.S.C. 50.9(f).

Please note that this is obviously a matter of utmost importance and urgency, given that Ms. Lynch has just been approved by the Judiciary Committee to be the next Attorney General, and the vote of the full Senate has not yet been scheduled, and the issue of the secret criminal prosecutions from the Eastern District Prosecutor's office is now receiving national media attention. See today's article on the NBC News website.

http://www.nbcnews.com/news/us-news/loretta-lynchs-secret-prosecutions-n294666

Given the pressing importance of this matter, and given that no objection has been provided by Mr. Norris or Ms. Kramer, I respectfully request that the scope of the motion to unseal Mr. Klotsman's docket be enlarged to include his secret 98-cr-1069 "John Doe" docket.

As my correspondence also illuminates, I find it highly unlikely that 28 U.S.C. 50.9(f) has been systematically reviewed every sixty days with the secret dockets in this case, as well as the referenced 58 cases in the NBC article cited above. Of course, the government may not be accountable to prove its compliance to me, but they should be required to be accountable to

prove its compliance to you as a federal judge. Otherwise, 28 U.S.C. 50.9(f) would be a meaningless statute.

I further request that this letter be formally docketed as a motion.

Finally, part of my agreement with Mr. Norris to extend the deadlines and appear by telephone included the sealing of my Form 1099. Mr. Norris indicated "the government has no objection" to the sealing of my Form 1099. So, to "clean up" the understanding reached to extend the time periods, please also consider this a formal Motion to Seal my Form 1099.

I hereby state the above, this 26th date of February, 2015, under penalty of perjury, pursuant to 28 USC 1746.

/s/ Brian Vodicka

enc. February 21, 2015 letter

Alexei M. Schacht    alexei@schachtlaw.net

Elizabeth Jane Kramer    elizabeth.kramer@usdoj.gov

Evan M. Norris    evan.norris@usdoj.gov

February 21, 2015

Mr. Evan Norris  
Ms. Elizabeth Jane Kramer  
Assistant U.S. Attorneys  
Eastern District of New York

Via email : evan.norris@usdoj.gov  
Via email: USANYCRDOCKET@usdoj.gov

    Re:   15-mc-00242-JG  
             98-cr-1069  
             02-cr-1313  
             28 C.F.R. 50.9

Dear Mr. Norris and Ms. Kramer:

In addition to the secret docket of Gennady Klotsman in 02-cr-1313, there is also another secret docket of a Klotsman in Case No. 98-cr-1069. It is styled U.S.A. vs. John Doe, but documents in other cases show that in 98-cr-1069 the "John Doe" is in fact Klotsman.

    1) I request that you consider agreeing to add this 98-cr-1069 docket to the current proceeding to unseal 02-cr-1313 in order that a new application/case will not be required to be opened. It obviously concerns the same person and issues. Therefore, opening a new docket would be wasteful to the court's and your time and resources. Will you consent?

    2) There is a completely different issue I need to raise with the Court and am conferencing you first, and bringing it to your attention first to see, again, if we can agree to some way to work out the problem.

28 C.F.R. 50.9 requires your office to review sealed matters every sixty days. See Policy Regarding open Judicial Proceedings which I have attached a copy of the regulation for your convenience.

Since the statute may not allow the government's compliance to be open to a Freedom of Information request, I propose that the government file each of the required reviews of all three cases – (i)Sater; (ii) Klotsman; and (iii) "John Doe" / Klotsmsn – in the record, redacting its review, but indicating the date and person approving each sixty-day review. Of course, the Court's should be provided a full un-redacted version, in camera.

Please let me know your intentions as early as possible. As you would understand, I may have to enlarge my motion/pleading so the Court is aware of these additional issues, if you do not agree. Or perhaps you can suggest an alternate way that you can demonstrate whether your office complied with its 28 CFR 50.9 with respect to these three matters.

Sincerely,

Brian Vodicka  
5701 S. Mopac # 2017  
Austin, Texas 78749  
512-659-7636  
vodicka100@gmail.com