**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ **MAR 13 2015** ★

BROOKLYN OFFICE

March 6, 2015

March 6, 2015                  Via Fax 718-613-2456
Hon. John Gleeson, USDJ
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn NY 11201

         Re:        **Application to Unseal docket of U.S. v. Klotsman**
                        **Docket No. 15-mc-242**

Dear Judge Gleeson:

        I am writing in response to the AUSA Evan Norris's March 4, 2015 letter response to my application to unseal. I appreciate the government's apparent recognition that there can be little, if any justification for continued sealing. Mr. Norris's letter was very professional, and, I must admit, I envy his ability to write very well.

        1. As to the items that Mr. Norris agrees should be unsealed, I respectfully request that they be unsealed immediately, and that the unsealing not await the scheduled oral argument date. The public has a right to see these documents immediately. They should have been open to the public for the past ten years. Each day that the public does not see them is another day that the public's constitutional right of access is infringed.

        2. Mr. Norris indicates in his letter that he would be addressing an additional matter ex parte and under seal. However, Mr. Norris has failed to serve a formal motion, publicly docketed in advance, to give the public notice that his office would be seeking to seal this "additional matter." See *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93 (2d Cir. 2004) ("docket sheets provide a kind of index to judicial proceedings and documents, and endow the public and press with the capacity to exercise their rights guaranteed by the First Amendment."); *United States v. Haller*, 837 F.2d 84, 87 (2d Cir. 1988) (The docketing of a hearing on sealing provides effective notice to the public that it may occur.) However, because I do not wish to slow anything down, I request that the government's statement that it intends to make a sealed, ex parte submission be reflected on the docket itself so that the public may know and object. This is required by the Supreme Court's *Richmond* line of cases and this circuit's precedents.

        3. I further request that the government be required to state its reasons for such, publicly, so that the public may have an opportunity to exercise its supervisory power over the executive and judicial branches. The U.S. Attorney's Office is just another party, just like I, a U.S. citizen, am a party. And if I have to abide by the rules -- if I have to file a formal motion in advance of requesting a document be filed under seal -- so too must the U.S. Attorney's Office.
        How else are we to assure that that office abides by its obligations? How else is the public to supervise the court and Ms. Lynch's office, if it is permitted to so cavalierly, and ex parte, file documents for in camera inspection. In *United States v. Aref*, 533 F.3d 72 (2d Cir. 2008), the Second Circuit stated:
> Although we affirm the district court in this case, we reinforce the requirement that district courts avoid sealing judicial documents in their entirety unless necessary. Transparency is pivotal to public perception of the judiciary's legitimacy and independence. "The political branches of government claim legitimacy by election,

judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir.2006). Because the Constitution grants the judiciary "neither force nor will, but merely judgment," The Federalist No. 78 (Alexander Hamilton), courts must impede scrutiny of the exercise of that judgment only in the rarest of circumstances. This is especially so when a judicial decision accedes to the requests of a coordinate branch, lest ignorance of the basis for the decision cause the public to doubt that "complete independence of the courts of justice [which] is peculiarly essential in a limited Constitution." Id.

4. I also object to any ex parte in camera submission because it simply cannot be that the nature of that submission cannot be described and the submission docketed in redacted form from the outset. As the papers I submitted show, ECF 8, the government long ago made public on Mr. Lauria's docket with its "unsealing" in 2009 that Mr. Klotsman was at one time a cooperating witness. So even if, for example, the submission discusses Mr. Klotsman's cooperation, there should only be redaction of the facts of his cooperation. The fact that he was a cooperator is already public.

Similarly, even if the submission concerns the identity of any Mr. Klotsman's victims, again the fact of that concern cannot be necessarily so secret that at least that much cannot be part of an unredacted version. The *Aref* presumption against total sealing of documents is a heavy presumption to overcome indeed.

5. If the Ex Parte matter involves the government's compliance or lack of compliance with 28 U.S.C. 50.9(f), that fact of compliance itself should not be allowed to remain secret, even though, as I have suggested and previously offered, that certain aspects of that process may be reviewable only by a federal court *in camera*.

6. Finally, the subject matter of the Ex Parte communication should be disclosed to me, as the Petitioner, because how can there be "due process" if one issue is kept in the dark. This violates the intent and purpose of 28 U.S.C. 50 itself.

I thank Mr. Norris and Mr. KLotsman and the court for addressing this expeditiously. I ask, in closing, that it also be made clear on both Klotsman dockets that the court reporter is free to release the transcripts of the plea and sentencing proceedings on request regardless which docket they're on. And again, I request that, in the interest of time, and in view of the urgency of the matter, that document items 2, 5, 6, and 7 be ***immediately*** unsealed.

Sincerely,

\_\_\_/s/_____
Brian Vodicka
Austin, Texas
Fax No.: 512-596-2876
Vodicka100@gmail.com

Cc: Mr. Evan Morris :     evan.norris@usdoj.gov
    Ms. Elizabeth.Kramer     Elizabeth.Kramer@usdoj.gov
    Ms. Alexei M. Schact     Alexei@schactlaw.net